UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15CV-P247-TBR

**TREMAINE DEJUAN WASHINGTON**                                                              **PLAINTIFF**

v.

**RANDY WHITE**                                                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Tremaine Dejuan Washington filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.

Subsequent to filing the complaint, Plaintiff filed a document (DN 6), in which he indicates that he is bringing his claims under the First, Eighth, and Fourteenth Amendments to the United States Constitution.  In another document (DN 10), Plaintiff states that the date of the incident stated in the complaint was wrong, and he corrects the date from August 23, 2015, to August 25, 2015.  The Court construes these filings as motions to amend the complaint and **GRANTS** the motions (DNs 6 and 10).  *See* Fed. R. Civ. P. 15(a).

Plaintiff also filed two other documents (DNs 12 and 15) in which he discusses exhaustion of administrative remedies and attaches letters from Kentucky Department of Corrections officials and other documents which he seeks to file as evidence to support his case.  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Therefore, Plaintiff need not present evidence of exhaustion at this stage.  Moreover, Plaintiff should not file evidence or discovery with the Court until it is used in the proceeding, for example, in support of or in opposition to a motion for summary judgment.  *See* Fed. R. Civ. P. 5(d)(1).  If appropriate, the parties will be directed to engage in discovery according to the Federal Rules of Civil Procedure and this Court's order.  Therefore, to the extent

that either document could be construed as a motion to amend the complaint, the motions (DNs 12 and 15) are **DENIED**.

This matter is now before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims against Defendant Randy White and allow him to amend the complaint.

## I.

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). The only Defendant named in the complaint is White, the Warden of KSP. Plaintiff does not indicate in which capacity he sues Defendant White. As his statement of the claim, Plaintiff states, "I've been housed at [KSP] for over two years now. During which, I've been mistreated, discriminated against and prosecuted for my religious beliefs and action." He states, "Recently, I have turned my life over to the Lord. My passion for God drew me to inform the Warden Randy White verbally in person on July 2, 2015 of my desire to help and talk about God to my fellow inmates on the yard." According to the complaint, Defendant White responded, "'You got to do what you have to do.'"

Plaintiff reports that on August 25, 2015, he was "explaining the love of God to a few guys on the yard, in a respectful manner." He states, "For this I was handcuffed and place in segregation. While in segregation, I'm allow one hour (1 hr) recreation out of my cell five (5 wk.) day a week." Plaintiff further states as follows:

> While on recreation I took the opportunity to speak about the Lord to the inmates in segregation. At the consequence of being shot multiple times in my neck, head, front and back body part without any disregard of injury to my face and possibly putting my eye out with pepper pellets, fired from a paintball gun which I'm sure was improper use against me and the policies, governing its use Bum rushed and slam to wall and floor with shield. Strapped naked while cuffed, forced under water. Then placed naked in a cold cell, with nothing other than a plastic mat. All because of speaking to inmates about God. Note, This was not

the last incident that has occurred behind my religion belief. If this is not proof enough of my mistreatment and my violation of my constitutional rights (Ky Const. 1 . . .), than I don't know what is.

Plaintiff further states, "I ask if you would look into this matter. Handcuffed on KSP yard on 8-23-15 six (6) cell house unit inmates was still out on yard. Three (3) cell house on 8-23-15 was still out in segregation unit . . . . Remain in segregation for ninty (90) days on incident." He maintains, "I refuse recreation throughout segregation time to prevent haressment by c/o's. Randy White was inform of staff action. No relieve on my behalf was granted."

As stated above, Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution. As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release form penitentiary[.]"

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

3

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. Defendant White**

Plaintiff sues only Defendant White and does not indicate in which capacity he sues him. However, Plaintiff's claims against Defendant White would be dismissed if he sued him in either his official or individual capacity.

4

**1. Official capacity**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant White is an employee of the Commonwealth of Kentucky, claims brought against him in his official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendant White for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

With regard to Plaintiff's request for injunctive relief, he seeks injunctive relief in the form of release from incarceration. However, release from custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, because Plaintiff cannot recover the injunctive relief he seeks, to the extent he sues Defendant White in his official capacity, the claims for injunctive relief also must be dismissed for failure to state a claim upon which relief may be granted.

**2. Individual capacity**

Moreover, if Plaintiff had sued Defendant White in his individual capacity, the claims would also fail. The only allegation in the complaint concerning Defendant White's involvement in the alleged incident is Plaintiff's statement that, "Randy White was inform of staff action. No relieve on my behalf was granted." The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant White directly participated in the alleged unconstitutional conduct. Plaintiff's allegations against Defendant

White are based on White's failure to act, which is insufficient to state a claim under § 1983. Therefore, to the extent Plaintiff sues Defendant White in his individual capacity, the claims against Defendant White must also be dismissed for failure to state a claim.

**B.     Opportunity to amend**

However, upon review of the complaint, the Court finds that Plaintiff's claims may survive initial screening if he had sued the individuals who allegedly participated in the alleged incident.  Therefore, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged incident.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").  The Court having found that Plaintiff does not state a claim against state employees in their official capacities, any official-capacity claims against any newly named Defendants would be futile; therefore, **Plaintiff must sue any newly named Defendants in their individual capacities.**

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant White are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**.  Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his claims and state specifically the factual allegations against them.  The Clerk of Court is **DIRECTED** to place the

7

case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein.**

Date:

cc: Plaintiff, *pro se*
    Defendant
4413.010