# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:15CV-P247-TBR

**TREMAINE DEJUAN WASHINGTON**                                                **PLAINTIFF**

**v.**

**RANDY WHITE**                                                                                            **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Tremaine Dejuan Washington filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* naming Randy White, the Warden of the Kentucky State Penitentiary (KSP), as the only Defendant. On May 27, 2016, upon initial screening of the complaint in accordance with 28 U.S.C. § 1915A, the Court entered a Memorandum Opinion and Order (DN 16) dismissing Plaintiff's claims against Defendant White pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

However, the Court gave Plaintiff a 30-day period in which he could amend his complaint to name as Defendant(s) the specific individual(s) whom he alleges are responsible for his claims and state specifically the factual allegations against them. That 30-day period expired with no amendment filed by Plaintiff despite the Court's specific warning to Plaintiff that: "Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein." (Emphasis omitted.)

On June 2, 2016, Plaintiff sent a letter to the Clerk of Court in which he stated he wished to "supplement inclosed within case number 5:15-cv-0024-TBR. First grievance filed on complaint." To the letter Plaintiff attached 4 pages of grievance-related forms that he had

submitted to KSP officials.  However, the filing in no way satisfies this Court's order to file an amended complaint naming the specific individuals whom he alleges are responsible for his claims and to state specifically the factual allegations against them.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

All claims against the named Defendant have been dismissed, and Plaintiff failed to comply with the Court's Order directing him to file an amended complaint within the time allotted.  Accordingly, this matter must be dismissed.  The Court will enter a separate Order of dismissal.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.010